Submitted June 5; reversed as to allegation 3a, otherwise affirmed
August 5, 2020

In the Matter of L. E. S.,
aka L. E. N., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. S.,
*Appellant.*

Marion County Circuit Court
19JU06745; A173437

471 P3d 157

Manuel Perez, Judge pro tempore.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed as to allegation 3a; otherwise affirmed.

**PER CURIAM**

In this juvenile dependency case, mother appeals a judgment entered in January 2020. In that judgment, the juvenile court, among other things, added a new basis for its jurisdiction over mother's infant child, L; the court initially took dependency jurisdiction over L in June 2019 based on its finding that mother's mental illness interfered with her ability to parent L safely. In the January judgment, the court determined that mother's use of controlled substances supplied an additional basis for dependency jurisdiction under ORS 419B.100. Mother asserts that there was insufficient evidence to establish that as a basis for jurisdiction.

On appeal, the Department of Human Services (DHS) concedes that, under the circumstances of this case, the evidence is insufficient to establish that mother's use of controlled substances provided a basis for dependency jurisdiction. That is because the record does not permit the inference that mother's concerning parenting behaviors identified at the hearing below were causally connected to the use of controlled substances by mother. In particular, the record, as DHS concedes, is insufficient to permit the finding that mother's behaviors resulted from drug impairment rather than from her identified mental-health symptoms. We agree with DHS's concession that the record is insufficient to establish a nexus between mother's alleged controlled substance use and her ability to safely parent L. *See Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014) (concluding that DHS has the burden to establish a nexus between the allegedly risk-causing conduct or circumstances and risk of harm to the child). Accordingly, we reverse the jurisdictional judgment with regard to that allegation.

Reversed as to allegation 3a; otherwise affirmed.